IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA CARDONA,

    Plaintiff,

v.                                                              Case No. 2:25-cv-00438 KWR/GJF

ENMUR, and CARLOS MARRUJO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the following motions:

- Defendants' Motion to Dismiss (Doc. 3); and
- Plaintiff's Motion to Incorporate Hearing Transcripts (Doc. 11).

After Defendants filed their motions to dismiss, Plaintiff filed two amended complaints. The First Amended Complaint was filed within 21 days of the filing of the motion to dismiss, and thus may be filed as a matter of course. Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff was permitted to amend her complaint as a matter of course.

The Second Amended Complaint was filed on July 1, 2025, more than 21 days after the filing of Defendants' Motion to Dismiss. The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Court will accept Plaintiff's Second Amended Complaint, which is now the operative complaint.

Because an amended complaint has been filed, Defendants' Motion to Dismiss is now moot. It is well-established that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)); *see also Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Brumfiel v. U.S. Bank*, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013) (internal citations omitted); *see also Mohammed v. Holder*, 2009 WL 529549, at *3 (D. Colo. Mar. 2, 2009) (denying motion to dismiss as moot because plaintiff's amended complaint superseded his original complaint to which the motion to dismiss was directed); *Howeth v. Aramark Corp.*, 2011 WL 1428087, at *2 (D. Utah Apr. 13, 2011) (motion to dismiss is moot when complaint has been amended). Defendants may file a response to the Second Amended Complaint as provided under Rule 12.

Plaintiff also filed a Motion to Incorporate Recorded Meeting Transcripts as Evidence of Misconduct. Doc. 11. It is unclear at this procedural stage the relief Plaintiff requests. To the extent Plaintiff requests entry of judgment against Defendants, the Court denies her requested relief.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Moton to Incorporate Recorded Meeting Transcripts (Doc. 11) is **DENIED**.

.

                                                                                                                       _____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

Case 2:25-cv-00438-KWR-GJF   Document 22   Filed 07/07/25   Page 3 of 3