**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VICTORIA CARDONA,

Plaintiff,

v. No. 2:25-cv-0438-KWR-JHR

ENMUR and CARLOS MARRUJO,

Defendants.

**ORDER DENYING PLAINTIFF'S FIRST MOTION TO STRIKE PREMATURE DISCOVERY**

This matter comes before the Court on Plaintiff's First Motion to Strike Premature Discovery. [Doc. 44]. Defendants responded, [Doc. 47], and Plaintiff replied, [Doc. 48].

Plaintiff argues that Defendants' discovery requests, served on or about February 5, 2026, were premature because: (1) they were served before the parties conducted a meet-and-confer conference under Rule 26(f), and (2) they were served before the issuance of a scheduling order under Rule 16(b). [*See generally* Docs. 44; 48]. Defendants contend that the parties conducted a Rule 26(f) meet-and-confer conference by telephone on January 15, 2026, and therefore Defendants' written discovery requests served after that conference, on February 5, 2026[1], were proper and timely. [*See generally* Doc. 47]. In reply, Plaintiff contends that "[m]ischaracterizing a brief administrative call as a rule 26(f) conference is inconsistent with [the New Mexico Rules of Professional Conduct]." [Doc. 48 at 2].

[1] There is some ambiguity as to whether the discovery requests were served on February 5 or February 4, 2026. The Certificate of Service, [Doc. 37], states that the requests were emailed and electronically filed on February 5, 2026. However, the Certificate of Service was filed in the Court's Case Management/Electronic Case Files (CM/ECF) system on February 4, 2026. Ultimately, this discrepancy is irrelevant.

The parties submitted a joint status report and provisional discovery plan to the Court on January 22, 2026.[2] [Doc. 34]. The Court subsequently held a Rule 16 scheduling conference on March 31, 2026, and issued a scheduling order that same day. [Doc. 53].

Rule 26 of the Federal Rules of Civil Procedure governs the scope and timing of discovery in civil cases. Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless otherwise exempted by the Federal Rules or by court order. Fed. R. Civ. P. 26(d)(1). Under Rule 26(f), "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," unless "the court orders otherwise." Fed. R. Civ. P. 26(f)(1).

Although Rule 26(f)(1) refers to a scheduling conference and scheduling order under Rule 16, the relevant inquiry for purposes of determining when a party may seek discovery is whether the parties have conferred as required by Rule 26(f). The parties dispute whether the January 15, 2026, telephone conversation satisfied the requirements of a Rule 26(f) conference. Rule 26(f)(2) provides:

> **Conference Content; Parties' Responsibilities.** In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and

[2] The Joint Status Report and Provisional Discovery Plan is "joint" only to the extent that it reflects the views of both parties and includes a copy of Plaintiff's proposed version. The document does not indicate that the parties jointly worked together to prepare a single, mutually agreed-upon report. [Doc. 34]. The document does, however, state: "On January 15, 2026 defense counsel spoke with Plaintiff by phone and discussed the Joint Status Report and Provisional Discovery Plan." *Id.* at 1.

After the Joint Status Report and Provisional Discovery Plan was filed, Plaintiff filed a document entitled, in relevant part, "Plaintiff's Notice of Non-Participation in Defendant's 'Joint' Rule 26(f) Report/Proposed Discovery Plan." [Doc. 39]. It is unclear in that document what Plaintiff means when she says, "Defendants inaccurately portray Plaintiff's position as follows: No rule 26(f) conference occurred on January 14, 2026 . . . ." *Id.* at 1. Plaintiff's filing does not clarify whether the parties attempted to conduct a Rule 26(f) conference, the specific date of any attempt, or what specifically happened.

> develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Fed. R. Civ. P. 26(f)(2).

Because the parties agree that a telephone conversation occurred on January 15, 2026, and because they submitted a "joint" proposed discovery plan within 14 days of that conversation, the Court will deem January 15, 2026, to be the date of the parties' Rule 26(f) meet-and-confer conference. Accordingly, Defendants were entitled to seek discovery from Plaintiff on February 5, 2026, because that date was after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1).

However, the Court has broad discretion to control discovery and may therefore resolve this matter without conducting an evidentiary hearing to determine whether the January 15, 2026, telephone conversation technically satisfied all the requirements of Rule 26(f), as doing so would unnecessarily expend judicial resources. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010); *see also Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003) ("The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery."); *see also Wilson Elecs., LLC v. Shaopeng Ye*, No. 4:24-CV-00073-AMA-PK, 2024 WL 5158609, at *1 (D. Utah Dec. 18, 2024) ("[C]ourts have broad discretion over the control of discovery, and this latitude extends to allowing discovery in the absence of a Rule 26(f) conference.") (citations omitted).

Here, the Court assumes that the January 15, 2026, conference satisfied the minimum requirements of Rule 26(f). Moreover, even if that conference was deficient in some respect, the Court assumes that any deficiency has since been cured, as the parties have had ample opportunity to confer regarding discovery and have proceeded with the litigation since that time.

Accordingly, Plaintiff's First Motion to Strike Premature Discovery, [Doc. 44], is **DENIED.** However, to the extent the parties have not yet submitted answers or responses to written discovery, the Court authorizes an extension and **ORDERS** the parties to do so on or before **October 8, 2026.**

HON. JERRY H. RITTER
United States Magistrate Judge